L. S. AYRES AND COMPANY,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 13085.

United States Court of Appeals
Seventh Circuit.

Dec. 29, 1960.

**114**

John D. Cochran, Indianapolis, Ind., Thomas M. Lofton, Indianapolis, Ind., Baker & Daniels, Indianapolis, Ind., of counsel, for appellant.

Charles K. Rice, Asst. Atty. Gen., Arthur I. Gould, Attorney, Tax Division, Department of Justice, Washington, D. C., Don A. Tabbert, U. S. Atty., Indianapolis, Ind., Lee A. Jackson, Melva M. Graney, Attorneys, Department of Justice, Washington, D. C., James L. Miller, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

L. S. Ayres and Company, plaintiff-appellant, hereinafter referred to as taxpayer, filed suit in the District Court against the United States for the recovery of certain alleged overpayments of income tax, excess profits tax and declared value excess profits tax for the taxpayer's fiscal years ending January 31, 1945 and 1946. Taxpayer predicates its right to recover on its assertion that it made valid and timely election under Section 22(d) (6) of the Internal Revenue Code of 1939 as amended in 1950 by Public Law 756, 26 U.S.C.A. § 22(d) (6), to have the involuntary liquidation and replacement provisions of that section applied to the excess costs of replacing inventory involuntarily liquidated during its fiscal years 1945 and 1946.[1] The District Court concluded that taxpayer had failed to file a timely election under Section 22(d) (6) and entered judgment for the government.

The facts were stipulated. Taxpayer was engaged in business as a general department store during the years 1942 through 1946 and its books were kept on an accrual system for fiscal years ending January 31. During fiscal years 1942 through 1946 taxpayer utilized what is known as the retail method of inventory valuation. Under this method the inventory of a department store is taken by departments at retail prices without individual item identification and then converted to cost by application of markons. For fiscal year 1942 the taxpayer filed an election on Treasury Form 970 to use the LIFO[2] method of identifying its inventories and for fiscal years 1942 through 1945 computed its income, excess profits and declared value excess profits taxes on the LIFO method in conjunction with the retail method. Taxpayer filed its return for fiscal year 1946 utilizing the FIFO[3] method of inventory valuation because at that time the Commissioner of Internal Revenue was refusing to recognize the use of the retail method in conjunction with LIFO as a valid method for inventory valuation. This situation changed later (Hutzler Bros. Co. v. Commissioner, 1947, 8 T.C. 14) and refunds were made to taxpayer in connection with deficiencies which had earlier been assessed for fiscal years 1942 through 1945 and paid.

---

1. References herein to fiscal years are to fiscal years ending January 31 of the years stated.

2. The LIFO method (last-in, first-out) of identifying and valuing inventories assumes that the last goods purchased are the first ones sold and therefore the goods left in the inventory at the end of the year are assumed to be those first purchased.

3. The FIFO method (first-in, first-out) of identifying and valuing inventories assumes that the first goods purchased are the first ones sold; consequently, the goods left in the inventory at the end of the year are assumed to be those last purchased.

During the taxpayer's fiscal years 1942 through 1946, Section 22(d)(6) of the Internal Revenue Code of 1939 gave taxpayers who elected to adopt the LIFO method the opportunity of electing to apply the relief provisions of that section where an involuntary liquidation of inventories had occurred during those taxable years resulting in a decrease of inventories, replacement of which in a subsequent year would be expected to exceed the cost of the original depleted inventories. Section 22(d)(6) required a taxpayer to elect to have the provisions of that section apply at the time it filed its income tax return for the year of the inventory decrease. The election was irrevocable and binding for the year of the involuntary liquidation and all determinations for subsequent years insofar as they related to the year of liquidation.

The taxpayer sustained liquidations on its inventories for fiscal years 1945 and 1946 and then replaced the liquidated inventories subsequent to the end of the respective years. The replacement cost of the liquidated inventories exceeded the original value of the inventory. Taxpayer did not elect to have the relief provisions of Section 22(d)(6)(A) apply to its inventory liquidations for either fiscal year 1945 or 1946 although it was entitled to do so for fiscal year 1945 since it then used the LIFO method.

On September 5, 1950, Congress amended Section 22(d)(6) of the 1939 Code to provide that a taxpayer's election with respect to an application of the involuntary relief provisions of Section 22(d)(6) might be made "at such time and in such manner and subject to such regulations as the Commissioner with the approval of the Secretary may prescribe." Following the Congressional amendment the Commissioner amended Section 29.22(d)–7 of Treasury Regulations 111 to provide that an election to invoke the relief provisions of Section 22(d)(6) must be filed by a taxpayer not later than six months after the filing date of the income tax return for the year involved. The amended regulations referred to Subpart H of Treasury Regulations 111 which contained provisions for a taxpayer's filing with the Commissioner an application for extension of time for making certain elections and the manner in which such applications must be filed.

On June 29, 1951, the taxpayer filed claims for refund of income and excess profits taxes with the Collector of Internal Revenue (Indiana District) for fiscal years 1945 and 1946 wherein for the first time it applied for permission to elect to have the relief provisions of Section 22(d)(6) apply to its LIFO inventory liquidations for those years. At no time did the taxpayer file any document with the Commissioner designated as an application under the provisions of Subpart H of Treasury Regulations 111 for an extension of time within which to elect to have the provisions of Section 22(d)(6) of the 1939 Code apply to its LIFO inventory liquidations for either fiscal year 1945 or 1946. On March 30, 1954, taxpayer's claims for refund for fiscal years 1945 and 1946 were officially disallowed by the District Director of Internal Revenue.

The taxpayer's position in this appeal is predicated upon various arguments to the effect that the Commissioner's amendment to Section 29.22(d)–7 of Treasury Regulations 111 is invalid and contrary to rights conferred by the Congressional amendment and that as taxpayer's use of the FIFO rather than the LIFO method for its fiscal year 1946 was due to the Commissioner's non-recognition, at the time, of the use of LIFO with the retail method it should not be precluded from claiming benefit of Section 22(d)(6) for that year.

■■ It is our opinion that the District Court did not err in concluding that taxpayer had failed to file a timely election. The filing of a claim for refund with a local Collector of Internal Revenue did not constitute a request nor application for an extension of time to make an election filed with the Commissioner of Internal Revenue. Cf. Angelus Milling Co. v. Commissioner, 325 U.S.

293, 297–299, 65 S.Ct. 1162, 89 L.Ed. 1619.

Taxpayer's contention that the Commissioner's amendment to the Treasury Regulations is invalid because contrary to Section 22(d) (6) as amended is without merit. Aeolian Company of Missouri v. United States, 8 Cir., 257 F.2d 24 and Louis Pizitz Dry Goods Co. v. Deal, 5 Cir., 208 F.2d 724, certiorari denied 347 U.S. 952, 74 S.Ct. 676, 98 L.Ed. 1097 are dispositive of this issue.

The judgment order of the District Court is affirmed.

Affirmed.